John Tehranian (Bar No. 211616)
jtehranian@onellp.com
Jennifer A. Mauri (Bar No. 276522)
jmauri@onellp.com
Christopher Skinner (Bar No. 342830)
cskinner@onellp.com
**ONE LLP**
23 Corporate Plaza, Ste 150
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

Attorneys for Plaintiff
David LaChapelle Studio Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DAVID LACHAPELLE STUDIO INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>BFA NYC, LLC, AND DOES 1 THROUGH 10, INCLUSIVE<br><br>Defendants. | Case No.   2:25-cv-1191<br><br>**COMPLAINT FOR:**<br><br>**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff David LaChapelle Studio Inc. ("DLC Studio" or "Plaintiff"), by and through its attorneys of record, complains against BFA NYC, LLC, a New York limited liability corporation ("BFA" or "Defendant"), and DOES 1-10, inclusive (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief against Defendant for, inter alia, willful copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*.

2.      This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*., 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (copyright).

3.      This Court has personal jurisdiction over Defendant. Specifically, Defendants has engaged in direct, contributory, vicarious, and/or otherwise induced acts of copyright infringement in this judicial district. Further, Defendant has engaged in continuous and systematic business in California and, upon information and belief, derives substantial revenues from commercial activities in California, and has headquarters in California. Plaintiff is informed and believes and, upon such, alleges that Defendant has also engaged in a multiplicity of acts directed toward California, including without limitation, regularly and systematically soliciting and engaging in numerous commercial transactions with California-based consumers, holding promotional events in California, operating a highly interactive website that feature photographs of events that occurred in California and individuals that live in California, and using the lure of infringing materials to openly encourage Californians to visit their website. As a result, besides Defendant's active and purposeful engagement with, and substantial, continuous and systematic business ties to, California and this judicial district, there is a direct and substantial nexus between Plaintiff's claims in this case and

**COMPLAINT**

Defendant's purposeful availment of the privilege of conducting activities within California and in this judicial district.

4.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendant may be found and transacts business in this Judicial District, the injury suffered by Plaintiff took place in this Judicial District, and a substantial part of the events giving rise to the claim occurred in this District. Defendant is subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## **PARTIES**

5.    Plaintiff is a New York corporation with a principal place of business in Los Angeles, California.

6.    Plaintiff is informed and believes and, upon such, alleges that Defendant is a limited liability corporation existing under the laws of the State of New York with a principal place of business located at 343 N La Brea Ave., Los Angeles, California, 90036.

7.    DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

8.    Plaintiff is informed, believes, and thereon alleges that at all times herein relevant, each of the Defendants were the agent, alter-ego, servant, or employee of the remaining Defendants, and each was acting within the course and

**COMPLAINT**

1  scope of such agency/employment relationship and with the knowledge and

2  consent of the remaining Defendants.

3  **FACTS COMMON TO ALL COUNTS**

4  ***LaChapelle, DLC Studio and LaChapelle's Works***

5      9.    David LaChapelle ("LaChapelle") is an acclaimed artist and director

6  known for his visionary photographic work, his notable feature-length movies, and

7  the music videos he has directed for such artists as Jennifer Lopez, Britney Spears,

8  Elton John and others. Over the years, he has developed his own unique and

9  unmistakable style. LaChapelle has won numerous awards. His work has been

10  exhibited in commercial galleries and institutions around the world, and his work

11  has appeared on the covers and pages of magazines such as *Details*, *GQ*, *i-D*, *The*

12  *New York Times Magazine*, *Rolling Stone*, *The Face*, *Vanity Fair*, *Vogue Italia*,

13  and *Vogue Paris*, among others.

14      10.    As a renowned photographer at the top of his profession, LaChapelle

15  enjoys high demand for his work and he regularly commands significant licensing

16  fees for the use of his photographs.

17      11.    LaChapelle is the author of the following works at issue in this action

18  (collectively, the "Photographs"):

19      a.    "Last Supper: Jesus" is a photograph authored by LaChapelle

20      depicting portions of a mannequin of a long-haired brunette man,

21      lying in a cardboard box. This photograph was timely registered with

22      the United States Copyright Office as number VA 2-027-242, a true

23      and correct copy of which is attached hereto as **Exhibit 1**.

24      b.    "Last Supper: Mary" is a photograph authored by LaChapelle

25      depicting portions of a mannequin of a long-haired brunette woman,

26      lying in a cardboard box. This photograph was timely registered with

27      the United States Copyright Office as number VA 2-027-242, a true

4

**COMPLAINT**

and correct copy of which is attached hereto as **Exhibit 1**.

c.   "Last Supper: Thomas" is a photograph authored by LaChapelle depicting portions of a mannequin of a bearded man with brunette hair, lying in a cardboard box.  This photograph was timely registered with the United States Copyright Office as number VA 2-027-242, a true and correct copy of which is attached hereto as **Exhibit 1**.

d.   "Still Life: Anonymous Politicians" is a photograph authored by LaChapelle depicting portions of multiple broken mannequins, lying in a cardboard box.  This photograph was timely registered with the United States Copyright Office as number VA 2-027-242, a true and correct copy of which is attached hereto as **Exhibit 1.**

e.   "Still Life: Bill Clinton" is a photograph authored by LaChapelle depicting portions of a broken mannequin that looks like former President Bill Clinton, lying on a piece of cardboard.  This photograph was timely registered with the United States Copyright Office as number VA 2-027-242, a true and correct copy of which is attached hereto to **Exhibit 1**.

f.   "Still Life: Heath Ledger" is a photograph authored by LaChapelle depicting a bust that looks like actor Heath Ledger's depiction of the Joker character, in front of a cardboard background.  This photograph was timely registered with the United States Copyright Office as number VA 2-027-242, a true and correct copy of which is attached hereto to **Exhibit 1**.

g.   "Still Life: Hugh Hefner" is a photograph authored by LaChapelle depicting a bust that looks like *Playboy* founder Hugh Hefner, in front of a cardboard background.  This photograph was timely registered with the United States Copyright Office as number VA 2-027-242, a

**COMPLAINT**

1    true and correct copy of which is attached hereto as **Exhibit 1**.

2    h.    "Still Life: John F. Kennedy" is a photograph authored by LaChapelle

3    depicting portions of a broken mannequin that looks like former

4    President John F. Kennedy, lying on a piece of cardboard.  This

5    photograph was timely registered with the United States Copyright

6    Office as number VA 2-027-242, a true and correct copy of which is

7    attached hereto as **Exhibit 1**.

8    i.    "Still Life: Leonardo DiCaprio" is a photograph authored by

9    LaChapelle depicting a bust that looks like actor Leonardo DiCaprio,

10    in front of a cardboard background.  This photograph was timely

11    registered with the United States Copyright Office as number VA 2-

12    027-242, a true and correct copy of which is attached hereto as

13    **Exhibit 1**.

14    j.    "Still Life: Madonna" is a photograph authored by LaChapelle

15    depicting portions of a broken mannequin that looks like singer

16    Madonna, lying on a piece of cardboard.  This photograph was timely

17    registered with the United States Copyright Office as number VA 2-

18    027-242, a true and correct copy of which is attached hereto as

19    **Exhibit 1**.

20    k.    "Still Life: Mikhail Gorbachev" is a photograph authored by

21    LaChapelle depicting portions of a broken mannequin that looks like

22    former Soviet Premier Mikhail Gorbachev, lying on a piece of

23    cardboard.  This photograph was timely registered with the United

24    States Copyright Office as number VA 2-027-242, a true and correct

25    copy of which is attached hereto as **Exhibit 1**.

26    l.    "Still Life: Nazi 01" is a photograph authored by LaChapelle

27    depicting portions of a mannequin of a balding man, lying in a

6

**COMPLAINT**

cardboard box.  This photograph was timely registered with the
United States Copyright Office as number VA 2-027-242, a true and
correct copy of which is attached hereto as **Exhibit 1**.

m.   "Still Life: Nazis 02" is a photograph authored by LaChapelle
depicting portions of two mannequins of balding men, lying in a
cardboard box.  This photograph was timely registered with the
United States Copyright Office as number VA 2-027-242, a true and
correct copy of which is attached hereto as **Exhibit 1**.

n.   "Still Life: Prince of Wales" is a photograph authored by LaChapelle
depicting portions of a broken mannequin that looks like Prince (now
King) Charles of England, lying on a piece of cardboard.  This
photograph was timely registered with the United States Copyright
Office as number VA 2-027-242, a true and correct copy of which is
attached hereto as **Exhibit 1**.

o.   "Still Life: Sean Connery" is a photograph authored by LaChapelle
depicting a bust that looks like actor Sean Connery, in front of a
cardboard background.  This photograph was timely registered with
the United States Copyright Office as number VA 2-027-242, a true
and correct copy of which is attached hereto as **Exhibit 1**.

p.   "Still Life: Sylvester Stallone" is a photograph authored by
LaChapelle depicting a bust that looks like actor Sylvester Stallone, in
front of a cardboard background.  This photograph was timely
registered with the United States Copyright Office as number VA 2-
027-242, a true and correct copy of which is attached hereto as
**Exhibit 1.**

q.   "Still Life: Teddy Roosevelt" is a photograph authored by LaChapelle
depicting a bust that looks like former President Teddy Roosevelt, in

7
**COMPLAINT**

front of a cardboard background.  This photograph was timely

registered with the United States Copyright Office as number VA 2-

027-242, a true and correct copy of which is attached hereto as

**Exhibit 1**.

r.   "Gas 76" is a photograph authored by LaChapelle depicting a vintage

gas station in a rainforest setting.  This photograph was timely

registered with the United States Copyright Office as number VAu 1-

154-366, a true and correct copy of which is attached hereto as

**Exhibit 2**.

s.   "Gas Shell" is a photograph authored by LaChapelle depicting a Shell

gas station in a rainforest setting.  This photograph was timely

registered with the United States Copyright Office as number VAu 1-

154-366, a true and correct copy of which is attached hereto as

**Exhibit 2**.

t.   "The Rape of Africa" is a photograph authored by LaChapelle

depicting a vibrantly colored tableau featuring multiple figures and

animals.  This photograph was timely registered with the United

States Copyright Office as number VAu 1-312-018, a true and correct

copy of which is attached hereto as **Exhibit 3**.

u.   "Land Scape: Emerald City" is a photograph authored by LaChapelle

depicting industrial machinery sitting on ground surrounded by water,

largely in hues of green.  This photograph was timely registered with

the United States Copyright Office as number VAu-1-159-932, a true

and correct copy of which is attached hereto as **Exhibit 4**.

v.   "Land Scape: Green Fields" is a photograph authored by LaChapelle

depicting industrial machinery, spewing smoke and fire into the ait,

largely in hues of green.  This photograph was timely registered with

the United States Copyright Office as number VAu-1-159-932, a true and correct copy of which is attached hereto as **Exhibit 4**.

w.   "Land Scape: Kings Dominion" is a photograph authored by LaChapelle depicting industrial machinery, spewing smoke into the air, largely in hues of blue and red.  This photograph was timely registered with the United States Copyright Office as number VAu-1-159-932, a true and correct copy of which is attached hereto as **Exhibit 4**.

x.   "Land Scape: Pacific Sunset" is a photograph authored by LaChapelle depicting industrial machinery, spewing smoke into the air, in front of a sunset.  This photograph was timely registered with the United States Copyright Office as number VAu-1-159-932, a true and correct copy of which is attached hereto as **Exhibit 4**.

y.   "Self Portrait as a House" is a photograph authored by LaChapelle depicting a vibrantly colored tableau featuring multiple figures in various rooms in a cutaway of a house.  This photograph was timely registered with the United States Copyright Office as number VAu-1-159-932, a true and correct copy of which is attached hereto as **Exhibit 4**.

z.   "Deluge" is a photograph authored by LaChapelle depicting a carved statute of a woman and a cherub in a flooded gallery.  This photograph was timely registered with the United States Copyright Office as number VAu 1-311-990, a true and correct copy of which is attached hereto as **Exhibit 5**.

aa.  "Seismic Shift: Plague of an Ancient City" is a photograph authored by LaChapelle depicting a tableau of items in a flooded gallery with a collapsing ceiling.  This photograph was timely registered with the

9

**COMPLAINT**

United States Copyright Office as number VAu 1-312-090, a true and correct copy of which is attached hereto as **Exhibit 6**.

12.     DLC Studio is the business entity for LaChapelle and, by operation of (among other things) a written copyright transfer agreement between LaChapelle and DLC Studio, DLC Studio is the owner of all rights, title and interest in and to the Photographs, including but not limited to the copyrights therein and thereto.

### *BFA's Willful Infringement of the Photographs*

13.     On information and belief, BFA is an event photography, videography & social media services business, with headquarters in New York City and Los Angeles, founded by photographers Joe Schildhorn, David X Prutting, Billy Farrell and Neil Rasmus.

14.     On information and belief, Defendant owns, operates and/or controls the website located at www.bfa.com (the "Website").

15.     Via the Website, BFA touts that: "Over the course of BFA's 10 years in business, we have created an archive of over 3 million publicly available images. For retainers and other licenses please contact licensing@bfa.com or download directly from BFA.com." (https://bfa.com/services; last visited November 19, 2024 (emphasis added)).

16.     It was recently discovered that BFA, by and through its Website, has made and continues to make available to the public a trove of at least thirty-four (34) high-resolution images of the Photographs for license or purchase by the public:

a.     Attached hereto as **Exhibit 7** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Last Supper: Jesus" photograph.

b.     Attached hereto as **Exhibit 8** is a true and correct copy of pages on the

**COMPLAINT**

BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Last Supper: Mary" photograph.

c.     Attached hereto as **Exhibit 9** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Last Supper: Thomas" photograph.

d.     Attached hereto as **Exhibit 10** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Still Life: Anonymous Politicians" photograph.

e.     Attached hereto as **Exhibit 11** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Still Life: Bill Clinton" photograph.

f.     Attached hereto as **Exhibit 12** is a true and correct copy of page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Still Life: Heath Ledger" photograph.

g.     Attached hereto as **Exhibit 13** is a true and correct copy of page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Still Life: Hugh Hefner" photograph.

h.     Attached hereto as **Exhibit 14** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Still Life: John F. Kennedy" photograph.

**COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

i.   Attached hereto as **Exhibit 15** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Still Life: Leonardo DiCaprio" photograph.

j.   Attached hereto as **Exhibit 16** is a true and correct copy of pages on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Still Life: Madonna" photograph.

k.   Attached hereto as **Exhibit 17** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Still Life: Mikhail Gorbachev" photograph.

l.   Attached hereto as **Exhibit 18** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Still Life: Nazi 01" photograph.

m.   Attached hereto as **Exhibit 19** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Still Life: Nazis 02" photograph.

n.   Attached hereto as **Exhibit 20** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Still Life: Prince of Wales" photograph.

o.   Attached hereto as **Exhibit 21** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's

**COMPLAINT**

"Still Life: Sean Connery" photograph.

p. Attached hereto as **Exhibit 22** is a true and correct copy of pages on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Still Life: Sylvester Stallone" photograph.

q. Attached hereto as **Exhibit 23** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Still Life: Teddy Roosevelt" photograph.

r. Attached hereto as **Exhibit 24** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Gas 76" photograph.

s. Attached hereto as **Exhibit 25** is a true and correct copy of tpages on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Gas Shell" photograph.

t. Attached hereto as **Exhibit 26** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "The Rape of Africa" photograph.

u. Attached hereto as **Exhibit 27** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution, public display, and offering for sale and/or license, La Chappelle's "Land Scape: Emerald City" photograph.

v. Attached hereto as **Exhibit 28** is a true and correct copy of a page on the BFA Website showing the infringing reproduction, distribution,

**COMPLAINT**

1    public display, and offering for sale and/or license, La Chappelle's

2        "Land Scape: Green Fields" photograph.

3    w. Attached hereto as **Exhibit 29** is a true and correct copy of a page on the

4        BFA Website showing the infringing reproduction, distribution,

5        public display, and offering for sale and/or license, La Chappelle's

6        "Land Scape: Kings Dominion" photograph.

7    x. Attached hereto as **Exhibit 30** is a true and correct copy of pages on the

8        BFA Website showing the infringing reproduction, distribution,

9        public display, and offering for sale and/or license, La Chappelle's

10       "Land Scape: Pacific Sunset" photograph.

11   y. Attached hereto as **Exhibit 31** is a true and correct copy of pages on the

12       BFA Website showing the infringing reproduction, distribution,

13       public display, and offering for sale and/or license, La Chappelle's

14       "Self Portrait as a House" photograph.

15   z. Attached hereto as **Exhibit 32** is a true and correct copy of a page on the

16       BFA Website showing the infringing reproduction, distribution,

17       public display, and offering for sale and/or license, La Chappelle's

18       "Deluge" photograph.

19   aa. Attached hereto as **Exhibit 33** is a true and correct copy of a page on the

20       BFA Website showing the infringing reproduction, distribution,

21       public display, and offering for sale and/or license, La Chappelle's

22       "Seismic Shift: Plague of an Ancient City" photograph.

23       17.    Defendant possesses no valid permission, consent, or license to

24   reproduce, publicly display, distribute, or make any other use of the Photographs.

25   Neither LaChapelle nor DLC Studios has ever given permission, consent, or a

26   license to BFA to reproduce or publicly display the Photographs on BFA's

27   Website, and neither LaChapelle nor DLC Studios has ever given permission,

14

**COMPLAINT**

consent, or a license to BFA to or offer licenses and digital downloads of the Photographs.

18.    By reproducing, publicly displaying, distributing, and offering for sale and/or license the Photographs without authorization from LaChapelle or DLC Studio, BFA violated, and is continuing to violate, Plaintiff's exclusive rights to the Photographs, as secured under the federal Copyright Act, 17 U.S.C. § 106, and constitutes copyright infringement.

19.    Defendant's activities are unmistakably and unabashedly committed for commercial gain as Defendant is offering, for a significant fee, digital downloads and physical prints of the infringing copies of the Photographs and/or the derivatives thereof for sale.

20.    Defendant's acts of infringement were willful and intentional because, *inter alia*, BFA is an extremely sophisticated user of intellectual property with full knowledge of the strictures of federal copyright law and the basic requirements for licensing copyrighted content for commercial exploitation—particularly as related to photographs.  Indeed, Defendant is clearly fully aware of the need to clear uses of photographs by obtaining permission from, and making payment to, copyright holders, as evidenced by the facts that Defendant's website touts and reserves rights to Defendant's own copyrights, its intention to enforce its own intellectual property rights, and the important limitations preventing unlicensed use of said intellectual property rights, thereby evidencing its knowledge of, sophistication about, and reliance on, the strictures of federal copyright law.

21.    In addition to the foregoing, one method of BFA's revenue-generation model depends on luring internet users to BFA's Website, which features millions of high-resolution photographs of celebrities and other matters of interest that internet users can then license or purchase copies of. Since they regularly make use of copyrighted content and have been in the business of operating the Website and

**COMPLAINT**

a pre-existing photography business which make use of significant amounts of intellectual property for many years, BFA is fully aware of the need to clear uses of photographs by obtaining permission from, and making payment to, copyright holders.

22.     Plaintiff is informed, believes, and thereon alleges that Defendant has engaged in *additional* infringing conduct of which Plaintiff is not presently aware because the discovery process has not yet commenced. Plaintiff rights its rights to amend the Complaint, and will seek leave to amend the Complaint, to include this additional infringement as such additional infringements are identified through the discovery process.

## **FIRST CLAIM FOR RELIEF**

## **(Copyright Infringement, 17 U.S.C. § 501)**

23.     Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 22 above.

24.     Plaintiff is the owner of all rights, title and interest in the copyright to the Photographs, which substantially consist of material wholly original with Plaintiff and which is copyright subject matter under the laws of the United States.

25.     Plaintiff has complied in all respects with the United States Copyright Act and all of the laws of the United States governing copyrights and the Photographs are registered with the United States Copyright Office.

26.     Defendant has reproduced, adapted, distributed and publicly displayed unauthorized copies of the Photographs in violation of DLC Studio's exclusive rights secured under § 106 of the United States Copyright Act and thereby infringed Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. § 501. In addition, Defendant, without the permission or consent of DLC Studio, has knowingly encouraged, induced, materially contributed to, and/or facilitated the unauthorized reproduction, adaptation, distribution, and public display of

16

**COMPLAINT**

unauthorized copies of the Photographs, and has the right and ability to stop or limit the infringement and a direct financial interest in such infringing activities. Defendant has therefore directly and secondarily (vicariously and contributorily) liable for infringement under the Copyright Act.

27.     Defendants' acts of infringement are willful because, *inter alia*, Defendant is a sophisticated party with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation, and continued their infringing use of the Photographs despite being aware of the same.

28.     Defendant, despite such knowledge, willfully reproduced, displayed distributed, created derivative works of, and utilized the Photographs.

29.     On information and belief, Defendant has received substantial benefits in connection with the unauthorized reproduction, display, distribution, and utilization of the Photographs for purposes of trade, including by increased traffic to their website and by sales of infringing reproductions.

30.     All of Defendant's acts are and were performed without Plaintiff's permission, license, or consent.

31.     The wrongful acts of Defendant have caused, and are causing, great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendant from further and continuing commission of said acts, Plaintiff will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendant is infringing its copyrights and an order under 17 U.S.C. §502 enjoining Defendant from any further infringement of Plaintiff's copyrights.

32.     As a result of the acts of Defendant alleged herein, Plaintiff has suffered and is suffering substantial damage to its business in the form of loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights,

1    all of which are not yet fully ascertainable.

2        33.    Because of the willful nature of Defendant's infringing actions,

3    Plaintiff is entitled, per the terms of the Copyright Act, to an award of statutory

4    damages of up to $150,000 per work infringed or, in the alternative, actual

5    damages and a disgorgement of ill-gotten profits.

6                            **PRAYER FOR RELIEF**

7        WHEREFORE, Plaintiff requests judgment against Defendants as follows:

8        1.    That Defendant, its officers, agents, servants, employees,

9    representatives, and attorneys, and all persons in active concert or participation

10    with it, be permanently enjoined from reproducing, distributing, publicly

11    displaying, or offering for sale and/or license the reproductions which infringe,

12    contributorily infringe, or vicariously infringe upon the Photographs;

13        2.    For actual damages and disgorgement of all profits derived by

14    Defendants from its acts of copyright infringement and to reimburse Plaintiff for

15    all damages suffered by it by reasons of Defendant's acts, pursuant to 17 U.S.C. §§

16    504 (a)(1) & (b);

17        3.    For an accounting of all profits, income, receipts or other benefit

18    derived by Defendant from the reproduction, copying, display, promotion,

19    distribution or sale of products and services, or other media, either now known or

20    hereafter devised, that improperly or unlawfully infringe upon Plaintiff's

21    copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

22        4.    For statutory damages for copyright infringement, including willful

23    infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c);

24        5.    For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 505;

25        6.    For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. §

26    505; and

27        7.    For any such other and further relief as the Court may deem just and

28

**COMPLAINT**

1    appropriate.

2

3    Dated:  February 12, 2025                    **ONE LLP**

4

5                                        By: <u>/s/ John Tehranian</u>
                                             John Tehranian
6                                            Jennifer A. Mauri
                                             Christopher S. Skinner
7

8                                            Attorneys for Plaintiff
                                             David LaChapelle Studio Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated:  February 12, 2025                    **ONE LLP**


                                                       By: <u>/s/ John Tehranian</u>
                                                            John Tehranian
                                                            Jennifer A. Mauri
                                                            Christopher S. Skinner

                                                            Attorneys for Plaintiff
                                                            David LaChapelle Studio Inc.

**DEMAND FOR JURY TRIAL**